U.S. Bank, N.A. v Dedvukaj (2021 NY Slip Op 01285)





U.S. Bank, N.A. v Dedvukaj


2021 NY Slip Op 01285


Decided on March 3, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 3, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
LEONARD B. AUSTIN
HECTOR D. LASALLE
VALERIE BRATHWAITE NELSON, JJ.


2018-14265
 (Index No. 55648/15)

[*1]U.S. Bank, N.A., etc., respondent, 
v
Marash Dedvukaj, et al., appellants, et al., defendants.


Michael Kennedy Karlson, New York, NY, for appellants.
Eckert Seamans Cherin & Mellott, LLC, White Plains, NY (Geraldine A. Cheverko of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants Marash Dedvukaj, Gjelosh Dedvukaj, and Maruka Dedvukaj appeal from a judgment of foreclosure and sale of the Supreme Court, Westchester County (Terry Jane Ruderman, J.), dated November 5, 2018. The judgment of foreclosure and sale, upon an order of the same court dated September 12, 2017, inter alia, granting those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants Marash Dedvukaj, Gjelosh Dedvukaj, and Maruka Dedvukaj, and for an order of reference, and denying those defendants' cross motion for summary judgment dismissing the complaint insofar as asserted against them, confirmed the referee's report and directed the sale of the subject property.
ORDERED that the judgment of foreclosure and sale is affirmed, with costs.
In April 2015, the plaintiff commenced this action to foreclose a mortgage against the defendants Marash Dedvukaj, Gjelosh Dedvukaj, and Maruka Dedvukaj (hereinafter collectively the defendants), among others. The mortgage, which was executed by Marash Dedvukaj (hereinafter the borrower) of Harrison, encumbered a single-family residence located in Eastchester (hereinafter the subject property). The mortgage documents listed the borrower's address in Harrison, and the record reflects that the subject property was occupied by tenants at the time this action was commenced.
After the defendants joined issue, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendants and for an order of reference. The defendants opposed the motion and cross-moved for summary judgment dismissing the complaint insofar as asserted against them, arguing that the plaintiff failed to establish strict compliance with RPAPL 1304. In an order dated September 12, 2017, the Supreme Court granted the plaintiff's motion and denied the defendants' cross motion.
The plaintiff subsequently moved to confirm the referee's report and for a judgment of foreclosure and sale. The defendants opposed the motion. The Supreme Court granted the plaintiff's motion and thereafter issued a judgment of foreclosure and sale dated November 5, 2018. The defendants appeal.
As a threshold matter, the plaintiff was not required, prima facie, to establish strict compliance with the provisions of RPAPL 1304 on its motion, inter alia, for summary judgment on the complaint insofar as asserted against the defendants, since noncompliance with RPAPL 1304 was not raised as a defense in the defendants' answer (see Wells Fargo Bank, N.A. v Morales, 178 AD3d 881, 882). Although the defendants could still raise noncompliance with RPAPL 1304 for the first time on their cross motion for summary judgment dismissing the complaint insofar as asserted against them (see Wells Fargo Bank, N.A. v Morales, 178 AD3d at 882), they failed to establish that the subject loan was a "home loan" within the meaning of the statute (see RPAPL 1304[6]; Vanderbilt Mtge. & Fin., Inc. v Ammon, 179 AD3d 1138, 1141).
The defendants' contention that the plaintiff failed to demonstrate compliance with the notice of default provision in the mortgage is not properly before this Court (see Bank of N.Y. Mellon Trust Co., N.A. v Sukhu, 163 AD3d 748, 751).
Contrary to the defendants' contention, the plaintiff established, prima facie, that it had standing to commence this action by attaching a copy of the note, endorsed in blank, to the complaint at the time the action was commenced (see Deutsche Bank Trust Co. Ams. v Garrison, 147 AD3d 725, 726). In opposition, the defendants failed to raise a triable issue of fact.
The defendants' remaining contention is without merit.
Accordingly, we affirm the judgment of foreclosure and sale.
CHAMBERS, J.P., AUSTIN, LASALLE and BRATHWAITE NELSON, JJ., concur.

2018-14265 DECISION & ORDER ON MOTION
U.S. Bank, N.A., etc., respondent, v Marash
Dedvukaj, et al., appellants, et al., defendants.
(Index No. 55648/15)

Motion by the respondent, inter alia, to strike stated portions of the appellants' brief on an appeal from a judgment of foreclosure and sale of the Supreme Court, Westchester County, dated November 5, 2018. By decision and order on motion of this Court dated October 1, 2019, that branch of the motion was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the argument of the appeal, it is
ORDERED that the branch of the motion which is to strike stated portions of the appellants' brief is denied.
CHAMBERS, J.P., AUSTIN, LASALLE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court