Wilmington Trust, N.A. v Jimenez (2021 NY Slip Op 03212)





Wilmington Trust, N.A. v Jimenez


2021 NY Slip Op 03212


Decided on May 19, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 19, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
COLLEEN D. DUFFY
ANGELA G. IANNACCI
PAUL WOOTEN, JJ.


2019-05400
 (Index No. 716699/17)

[*1]Wilmington Trust, National Association, etc., respondent, 
v
Fabian Jimenez, appellant, et al., defendants.


Law Office of Alan C. Stein, P.C., Woodbury, NY, for appellant.
Davidson Fink LLP, Rochester, NY (Richard N. Franco of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Fabian Jimenez appeals from an order of the Supreme Court, Queens County (Joseph J. Esposito, J.), entered April 9, 2019. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against that defendant, to strike his answer, and for an order of reference, in effect, denied that defendant's cross motion for summary judgment dismissing the complaint insofar as asserted against him, and appointed a referee to compute the amount due to the plaintiff.
ORDERED that the order is modified, on the law, (1) by deleting the provision thereof granting those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Fabian Jimenez, to strike his answer, and for an order of reference, and substituting therefor a provision denying those branches of the motion, and (2) by deleting the provision thereof appointing a referee to compute the amount due to the plaintiff; as so modified, the order is affirmed insofar as appealed from, with costs to the defendant Fabian Jimenez.
On June 13, 2007, pursuant to a Consolidation, Extension, and Modification Agreement, inter alia, agreeing to consolidate two loans, the defendant Fabian Jimenez executed a consolidated note, promising to repay the sum of $531,177, and a consolidated mortgage on real property located in Jackson Heights.
In 2017, the plaintiff commenced the instant action to foreclose the consolidated mortgage. Jimenez answered the complaint, asserting several affirmative defenses, including that the plaintiff lacked standing, and that the plaintiff failed to comply with RPAPL 1304 and with the notice of default provision in the consolidated mortgage. The plaintiff subsequently moved, inter alia, for summary judgment on the complaint insofar as asserted against Jimenez, to strike his answer, and for an order of reference. Jimenez opposed the motion, and cross-moved for summary judgment dismissing the complaint insofar as asserted against him. In an order entered April 9, 2019, the Supreme Court, among other things, granted the aforementioned branches of the plaintiff's motion and, in effect, denied Jimenez's cross motion. Jimenez appeals.
Contrary to Jimenez's contention, the plaintiff demonstrated, prima facie, that it had standing to commence this action. By annexing to the complaint a copy of the consolidated note, endorsed in blank, the plaintiff established, prima facie, that it had physical possession of the operative note—i.e., the original consolidated note—when the action was commenced (see U.S. Bank, N.A. v Dedvukaj, 192 AD3d 727; Bank of Am., N.A. v Tobing, 163 AD3d 518, 519).
Nevertheless, as Jimenez correctly contends, the plaintiff failed to demonstrate, prima facie, that it complied with RPAPL 1304, as alleged in the complaint. Although the plaintiff submitted copies of the 90-day notices purportedly sent to Jimenez, the plaintiff failed to demonstrate, prima facie, that the notices were actually mailed, either through an affidavit of service, other proof of mailing by the post office, or evidence of a standard office mailing procedure designed to ensure that items are properly addressed and mailed, sworn to by someone with personal knowledge of the procedure (see U.S. Bank N.A. v Moulton, 179 AD3d 734, 739; Citibank, N.A. v Conti-Scheurer, 172 AD3d 17). The unsubstantiated and conclusory assertion in an affidavit of a representative of the plaintiff's loan servicer that the 90-day notice was sent in accordance with RPAPL 1304 is insufficient to establish that the notice was actually mailed to Jimenez by first-class and certified mail (see U.S. Bank N.A. v Moulton, 179 AD3d at 739). Moreover, the affiant based her assertions upon her review of unspecified business records without attaching any such business records to her affidavit (see Deutsche Bank Natl. Trust Co. v Elshiekh, 179 AD3d 1017, 1021). "It is the business record itself, not the foundational affidavit, that serves as proof of the matter asserted" (id. at 1021; see Bank of N.Y. Mellon v Gordon, 171 AD3d 197, 205).
Similarly, the plaintiff failed to demonstrate, prima facie, that it complied with the notice of default provisions of the consolidated mortgage, which required the plaintiff to send a notice of default to Jimenez at the notice address by first-class mail and to provide a 30-day cure period. Copies of the notice without proof of mailing, along with the affidavit of a representative of the loan servicer averring, based upon her review of unspecified business records which were not attached to the affidavit, that such a notice of default was sent on an unspecified date, was insufficient to satisfy the plaintiff's prima facie burden (see Wilmington Sav. Fund Socy., FSB v Stern, 187 AD3d 969, 970; U.S. Bank N.A. v Kochhar, 176 AD3d 1010, 1012).
Accordingly, those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against Jimenez, to strike his answer, and for an order of reference should have been denied.
However, Jimenez's bare denial of receipt of the notice of default and the RPAPL 1304 notices was insufficient to meet his prima facie burden on his cross motion for summary judgment dismissing the complaint insofar as asserted against him (see JPMorgan Chase Bank, N.A. v Gold, 188 AD3d 1019, 1022; Citibank, N.A. v. Conti-Scheurer, 172 AD3d at 23-24). Accordingly, the cross motion was properly denied.
The parties' remaining contentions are either without merit or not properly before this Court.
AUSTIN, J.P., DUFFY, IANNACCI and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court