Deutsche Bank Trust Co. Ams. v Miller (2021 NY Slip Op 05690)





Deutsche Bank Trust Co. Ams. v Miller


2021 NY Slip Op 05690


Decided on October 20, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 20, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
SYLVIA O. HINDS-RADIX
BETSY BARROS
LARA J. GENOVESI, JJ.


2018-05996
 (Index No. 16576/13)

[*1]Deutsche Bank Trust Company Americas, etc., respondent, 
v
Ellen Miller, appellant, et al., defendants.


Harold A. Steuerwald, Bellport, NY, for appellant.
Greenberg Traurig, LLP, New York, NY (Patrick G. Broderick of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Ellen Miller appeals from a judgment of foreclosure and sale of the Supreme Court, Suffolk County (Howard H. Heckman, Jr., J.), dated March 5, 2018. The judgment of foreclosure and sale, upon two orders of the same court, both dated October 5, 2016, inter alia, granting those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against that defendant, to strike her answer, and for an order of reference, and upon an order of the same court dated December 14, 2017, inter alia, in effect, upon reargument, adhering to the prior determination granting those branches of the plaintiff's motion, among other things, confirmed the referee's report and directed the sale of the subject property.
ORDERED that the judgment of foreclosure and sale is reversed, on the law, with costs, upon reargument, those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Ellen Miller, to strike her answer, and for an order of reference are denied, and the two orders dated October 5, 2016, and the order dated December 14, 2017, are modified accordingly.
On July 27, 2004, Richard Miller (hereinafter the decedent) and the defendant Ellen
Miller (hereinafter the defendant) executed a note in the sum of $374,000, which was secured by a mortgage on residential property in Ronkonkoma. The decedent died on February 8, 2010. In June 2013, the plaintiff commenced this action against the defendant, among others, to foreclose the mortgage. The defendant interposed an answer in which she asserted several affirmative defenses, including lack of standing. Thereafter, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant, to strike her answer, and for an order of reference. The Supreme Court, inter alia, granted the plaintiff's motion in two orders, both dated October 5, 2016. The defendant moved for leave to reargue. In an order dated December 14, 2017, the court, in effect, granted leave to reargue, but adhered to its prior determination. Thereafter, in a judgment of foreclosure and sale dated March 5, 2018, the Supreme Court, inter alia, confirmed the referee's report and directed the sale of the property. The defendant appeals.
Generally, in moving for summary judgment in an action to foreclose a mortgage, a plaintiff establishes its prima facie case by producing the mortgage, the unpaid note, and evidence of default (see Wells Fargo Bank, N.A. v Heiney, 168 AD3d 1126). Moreover, where, as here, standing is placed in issue by the defendant, the plaintiff must prove its standing as part of its prima facie case (see U.S. Bank Trust N.A. v Auxila, 189 AD3d 1514).
Here, the plaintiff failed to establish its prima facie entitlement to judgment as a matter of law, as it failed to submit evidence demonstrating the defendant's default, that it had standing to commence the action, and that it complied with the notice of default provisions in the mortgage. In support of its motion, the plaintiff submitted an affidavit of Stephen Lee, who averred that, in his position as vice president of Ocwen Loan Servicing, LLC, the plaintiff's loan servicer, he has access to and is familiar with the business records related to the mortgage loan at issue. He averred that the records "were made at or near the time of the Transactions documented thereby by a person with knowledge of the Transactions . . . and are maintained in the regular and usual course of business." However, Lee failed to aver to familiarity with the record-keeping practices and procedures of the entity that generated the records or establish that the records provided by the maker were incorporated into the recipient's own records and routinely relied upon by the recipient in its own business (see Autovest, LLC v Cassamajor, 195 AD3d 672, 673).
Moreover, even if Lee's affidavit set forth a proper foundation for the admissibility of the unspecified records he relied on (see Deutsche Bank Natl. Trust Co. v Ezeji, 194 AD3d 909, 911), Lee "failed to identify the records upon which [ ]he relied in making the statements, and the plaintiff failed to submit copies of the records themselves" (U.S. Bank N.A. v Pickering-Robinson, ____ AD3d _____, 2021 NY Slip Op 04775, *3 [2d Dept]). It is the business record itself, not the foundational affidavit, that serves as proof of the matter asserted (see ____ AD3d at ___, 2021 NY Slip Op 04775, *3; Wilmington Trust, N.A. v Jimenez, 194 AD3d 988, 989; Deutsche Bank Natl. Trust Co. v Ezeji, 194 AD3d at 911; Wilmington Sav. Fund, FSB v Peters, 189 AD3d 937, 939). Since the plaintiff failed to meet its prima facie burden, the Supreme Court, upon reargument, should have denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant, to strike her answer, and for an order of reference, without regard to the sufficiency of the defendant's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
The defendant's remaining contention is without merit.
AUSTIN, J.P., HINDS-RADIX, BARROS and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court