Wells Fargo Bank, N.A. v Farfan (2022 NY Slip Op 02038)





Wells Fargo Bank, N.A. v Farfan


2022 NY Slip Op 02038


Decided on March 23, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 23, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
LARA J. GENOVESI
DEBORAH A. DOWLING, JJ.


2019-01439
 (Index No. 26470/07)

[*1]Wells Fargo Bank, N.A., etc., respondent,
v
Napoleon Farfan, appellant, et al., defendants.


Stephen A. Katz, New York, NY, for appellant.
Gross Polowy, LLC (Reed Smith, LLP, New York, NY [Brenda Beauchamp Ward, Andrew B. Messite, and James N. Faller], of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Napoleon Farfan appeals from an order and judgment of foreclosure and sale (one paper) of the Supreme Court, Queens County (Janice A. Taylor, J.), entered August 31, 2020. The order and judgment of foreclosure and sale, upon an order of the same court dated November 21, 2018, granting those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against that defendant and dismissing his counterclaims, to strike his answer, and for an order of reference, inter alia, granted the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale, confirmed the referee's report, and directed the sale of the subject property.
ORDERED that the order and judgment of foreclosure and sale is reversed, on the law, with costs, those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Napoleon Farfan, to strike his answer, and for an order of reference are denied, the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale is denied, and the order dated November 21, 2018, is modified accordingly.
On December 22, 1995, the defendant Napoleon Farfan (hereinafter the defendant) and another executed a note in the sum of $296,525, which was secured by a mortgage on residential property in Corona. On October 24, 2007, the plaintiff commenced this action against the defendant, among others, to foreclose the mortgage. The defendant interposed an answer in which he asserted a first counterclaim alleging that the plaintiff violated General Business Law § 349, and a second counterclaim, pursuant to Real Property Actions and Proceedings Law article 15, to quiet title to the subject property. The defendant also asserted the affirmative defense that the plaintiff lacked standing to foreclose.
Subsequently, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant and dismissing his counterclaims, to strike his answer, and for an order of reference. In an order dated November 21, 2018, the Supreme Court, among other things, granted those branches of the plaintiff's motion. On August 31, 2020, the court entered an order and judgment of foreclosure and sale which, inter alia, granted the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale, confirmed the referee's report, and directed the sale of the subject property. The defendant appeals.
"Generally, in moving for summary judgment in an action to foreclose a mortgage, a plaintiff establishes its prima facie case by producing the mortgage, the unpaid note, and evidence of default" (Deutsche Bank Trust Co. Ams. v Miller, 198 AD3d 867, 867-868; see Wells Fargo Bank, N.A. v Heiney, 168 AD3d 1126, 1126). "Moreover, where, as here, standing is placed in issue by the defendant, the plaintiff must prove its standing as part of its prima facie case" (Deutsche Bank Trust Co. Ams. v Miller, 198 AD3d at 868; see U.S. Bank Trust N.A. v Auxila, 189 AD3d 1514, 1514-1515). A plaintiff establishes its standing to foreclose by establishing, inter alia, that it was a holder in physical possession of the subject note prior to the commencement of the action, or that the subject note was assigned to the plaintiff prior to the date of commencement of the action (see Aurora Loan Servs., LLC v Taylor, 25 NY3d 355, 361-362; Wilmington Sav. Fund Socy., FSB v Matamoro, 200 AD3d 79, 90-91).
Here, in support of its motion, the plaintiff submitted an affidavit of Teri L. Townsend, who averred that, in her position as vice president of loan documentation for the plaintiff, she had access to and was familiar with the business records related to the mortgage loan at issue. She averred that the records were maintained in the ordinary course of business, and were "made at or near the time of the occurrence of the matters recorded by persons with personal knowledge of the information in the business record, or from information transmitted by persons with personal knowledge." Townsend further averred that, based on her review of the plaintiff's "correspondence with the custodian regarding this loan, LaSalle Bank National Association, as prior custodian, was in possession of the original Note on October 24, 2007, the date the Complaint was filed." However, Townsend failed to specify which entity generated the subject correspondence, and, to the extent the correspondence was not generated by the plaintiff, failed to state that she was familiar with the record-keeping practices and procedures of the entity that generated the correspondence, or that the correspondence was incorporated into the plaintiff's own records and routinely relied upon by the plaintiff in its own business (see Deutsche Bank Trust Co. Ams. v Miller, 198 AD3d at 868-869; Autovest, LLC v Cassamajor, 195 AD3d 672, 673).
Even if Townsend's affidavit had set forth a proper foundation for the admissibility of the unspecified correspondence she relied on (see Deutsche Bank Natl. Trust Co. v Ezeji, 194 AD3d 909, 911), Townsend "'failed to identify the records upon which [s]he relied in making the statements, and the plaintiff failed to submit copies of the records themselves'" (Deutsche Bank Trust Co. Ams. v Miller, 198 AD3d at 868, quoting U.S. Bank N.A. v Pickering-Robinson, 197 AD3d 757, 763). "It is the business record itself, not the foundational affidavit, that serves as proof of the matter asserted" (Deutsche Bank Trust Co. Ams. v Miller, 198 AD3d at 868; see U.S. Bank N.A. v Pickering-Robinson, 197 AD3d at 763; Deutsche Bank Natl. Trust Co. v Ezeji, 194 AD3d at 911). Thus, the plaintiff failed to establish its standing as holder of the note prior to commencement.
While the plaintiff's submissions established a chain of assignments of mortgage ending with the plaintiff's alleged predecessor in interest, Norwest Mortgage, Inc., the last assignment in the chain does not indicate that the subject note was assigned together with the subject mortgage. Further, the plaintiff failed to submit evidence to establish that its immediate predecessor by merger, Wells Fargo Home Mortgage, Inc., was formerly known as Norwest Mortgage, Inc., as indicated in the caption on the complaint in this action, or whether Wells Fargo Home Mortgage, Inc., merged with Norwest Mortgage, Inc., as Townsend averred. Thus, the plaintiff also failed to establish its standing as assignee of the note prior to commencement.
Accordingly, we find that the Supreme Court should have denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant, to strike his answer, and for an order of reference, without regard to the sufficiency of the defendant's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
By contrast, the evidence the plaintiff submitted in support of its motion demonstrated its prima facie entitlement to judgment as a matter of law dismissing the defendant's General Business Law § 349 counterclaim. The plaintiff demonstrated that the counterclaim is specific to the subject mortgage, and that the complained of conduct does not amount to "consumer-oriented conduct falling within the ambit of General Business Law § 349" (Disa Realty, Inc. v Rao, 168 AD3d 1037, 1040; see Silver v CitiMortgage, Inc., 162 AD3d 812, 813-814). In opposition, the [*2]defendant failed to raise a triable issue of fact. In addition, the evidence the plaintiff submitted in support of its motion demonstrated its prima facie entitlement to judgment as a matter of law dismissing the defendant's counterclaim pursuant to Real Property and Procedure Law article 15 to quiet title to the subject property. The plaintiff's submissions established that the subject property was not wrongfully encumbered by the subject mortgage (see Zuniga v BAC Home Loans Servicing, L.P., 147 AD3d 882, 883-884), and in opposition, the defendant failed to raise a triable issue of fact with regard to the propriety of the mortgage encumbrance in the first instance. Accordingly, we agree with the Supreme Court's determination to grant that branch of the plaintiff's motion which was for summary judgment dismissing the defendant's counterclaims.
The parties' remaining contentions need not be reached in light of our determination.
DILLON, J.P., MILLER, GENOVESI and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court