Deutsche Bank Natl. Trust Co. Ams. v Banu (2022 NY Slip Op 03231)

Deutsche Bank Natl. Trust Co. Ams. v Banu

2022 NY Slip Op 03231

Decided on May 18, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 18, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
SHERI S. ROMAN
JOSEPH J. MALTESE
LINDA CHRISTOPHER, JJ.

2019-12076
2019-12077
 (Index No. 703015/15)

[*1]Deutsche Bank National Trust Company Americas, etc., respondent, 
v
Begum Selina Banu, etc., appellant, et al., defendants.

Fadullon Dizon Krul, LLP, Jericho, NY (Juan Paolo F. Dizon and Alexander Krul of counsel), for appellant.
McCabe, Weisberg & Conway, LLC (Locke Lord LLP, New York, NY [Shawn A. Brenhouse], of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Begum Selina Banu appeals from (1) an order of the Supreme Court, Queens County (Frederick D. R. Sampson, J.), entered September 14, 2017, and (2) an order and judgment of foreclosure and sale (one paper) of the same court entered September 30, 2019. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Begum Selina Banu, to strike that defendant's answer, and for an order of reference. The order and judgment of foreclosure and sale, upon the order, granted the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale, confirmed the referee's report, and directed the sale of the subject property.
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the order and judgment of foreclosure and sale is reversed, on the law, those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Begum Selina Banu, to strike that defendant's answer, and for an order of reference are denied, the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale is denied, and the order is modified accordingly; and it is further,
ORDERED that one bill of costs is awarded to the defendant Begum Selina Banu.
The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of the order and judgment of foreclosure and sale in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the order and judgment of foreclosure and sale (see CPLR 5501[a][1]).
The plaintiff commenced this action to foreclose a mortgage on real property located in Queens against the defendant Begum Selina Banu (hereinafter the defendant), among others. The [*2]defendant interposed an answer in which she asserted various affirmative defenses, including that the plaintiff failed to provide notices required under the mortgage. On August 10, 2015, the defendant filed a note of issue and certificate of readiness.
On April 12, 2016, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant, to strike her answer, and for an order of reference. In an order entered September 14, 2017, the Supreme Court granted the plaintiff's motion and referred the matter to a referee to compute the amount due. The plaintiff thereafter moved to confirm the referee's report and for a judgment of foreclosure and sale. In an order and judgment of foreclosure and sale entered September 30, 2019, the court granted that motion, confirmed the referee's report, and directed the sale of the subject property. The defendant appeals.
"Where, as here, no deadline is set by the court for the making of summary judgment motions, no such motion may be made more than 120 days after the filing of the note of issue, 'except with leave of court on good cause shown'" (Johnson v Peconic Diner, 31 AD3d 387, 387, quoting CPLR 3212[a]). "Absent a 'satisfactory explanation for the untimeliness,' constituting good cause for the delay, an untimely summary judgment motion must be denied without consideration of the merits" (Dojce v 1302 Realty Co., LLC, 199 AD3d 647, 649, quoting Brill v City of New York, 2 NY3d 648, 652; see Nationstar Mtge., LLC v Weisblum, 143 AD3d 866, 869).
Here, the plaintiff failed to proffer a satisfactory explanation for its delay in moving for summary judgment until eight months after the filing of the note of issue. The plaintiff's assertion that counsel was awaiting the receipt of an affidavit from the plaintiff's loan servicer to file with the motion did not constitute good cause for the delay in making the motion (see Lyebyedyev v Hoffman, 84 AD3d 751, 752). The plaintiff offered no explanation as to why it could not timely obtain the affidavit (see Jones v Pinnacle Dunbar Manor, LLC, 84 AD3d 578, 578-579; Dettmann v Page, 18 AD3d 422, 423). Moreover, the plaintiff offered no explanation for the three-month delay between execution of the affidavit and its submission of the motion (see Tower Ins. Co. of N.Y. v Razy Assoc., 37 AD3d 702, 702-703). The plaintiff's contentions that its motion, inter alia, for summary judgment was actually timely under an order of the referee, and that the note of issue was improperly filed, raised for the first time on appeal and based on matter dehors the record, are not properly before this Court (see U.S. Bank N.A. v Carlin, 186 AD3d 1563, 1565; Graham v Courtesy Transp. Servs., Inc., 145 AD3d 966, 968). Accordingly, the Supreme Court should have denied the plaintiff's motion as untimely.
In any event, to the extent that the Supreme Court considered the plaintiff's motion, it should have denied, on the merits, those branches of the motion which were for summary judgment on the complaint insofar as asserted against the defendant, to strike her answer, and for an order of reference. Generally, in moving for summary judgment in a mortgage foreclosure action, a plaintiff establishes its prima facie case through the production of the mortgage, the unpaid note, and evidence of default (see U.S. Bank N.A. v Fabbro, 192 AD3d 1178, 1178; 21st Mtge. Corp. v Broderick, 191 AD3d 744, 745). Additionally, "[w]here it is alleged that a plaintiff has failed to comply with a condition precedent to the enforcement of a mortgage, the plaintiff must proffer sufficient evidence to establish, prima facie, that it complied with the condition precedent" (U.S. Bank N.A. v Kochhar, 176 AD3d 1010, 1012; see CPLR 3015[a]; Bank of N.Y. Mellon v Sae Young Min, 201 AD3d 854; Caliber Home Loans, Inc. v Weinstein, 197 AD3d 1232, 1237).
Here, the plaintiff failed to establish its prima facie entitlement to judgment as a matter of law, as it failed to submit evidence demonstrating the defendant's default and that it complied with the notice of default provisions in the mortgage. In support of its motion, the plaintiff submitted an affidavit of Sonja Manderville, who averred that, in her position as a contract management coordinator of Ocwen Loan Servicing, LLC, the plaintiff's loan servicer, she has access to and is familiar with the business records related to the mortgage loan at issue. She averred that the records "were made at or near the time of the Transactions documented thereby by a person with knowledge of the Transactions . . . and are maintained in the regular and usual course of business." However, Manderville failed to aver to familiarity with the record-keeping practices and procedures of the entity that generated the records or establish that the records provided by the maker were [*3]incorporated into the recipient's own records and routinely relied upon by the recipient in its own business (see Deutsche Bank Trust Co. Ams. v Miller, 198 AD3d 867, 868; Autovest, LLC v Cassamajor, 195 AD3d 672, 673; U.S. Bank N.A. v Kochhar, 176 AD3d at 1012).
Moreover, even if Manderville's affidavit set forth a proper foundation for the admissibility of the unspecified records she relied on, Manderville failed to identify the records upon which she relied, and the plaintiff failed to submit copies of the records themselves (see 2010-3 SFR Venture, LLC v Schiavoni, 199 AD3d 739, 741; U.S. Bank N.A. v Pickering-Robinson, 197 AD3d 757, 763). "It is the business record itself, not the foundational affidavit, that serves as proof of the matter asserted" (Deutsche Bank Trust Co. Ams. v Miller, 198 AD3d at 868; see Bank of N.Y. Mellon v Gordon, 171 AD3d 197, 205). Without submission of the business records upon which she relied, Manderville's assertions regarding the defendant's alleged default were inadmissible hearsay (see U.S. Bank N.A. v Pickering-Robinson, 197 AD3d at 763; Bank of Am., N.A. v Huertas, 195 AD3d 891, 893).
Similarly, Manderville's assertions regarding the purported mailing of the notice of default were insufficient to establish a mailing, even when considered together with a copy of the notice of default (see Citibank, N.A. v Yanling Wu, 199 AD3d 48, 58; U.S. Bank N.A. v Cope, 175 AD3d 527, 530). Manderville failed to allege familiarity with the mailing practices and procedures of the third party that allegedly sent the notice of default in 2009 (see Caliber Home Loans, Inc. v Weinstein, 197 AD3d at 1237; LNV Corp. v Sofer, 171 AD3d 1033, 1037). Since the plaintiff failed to provide evidence of the actual mailing, or "proof of a standard office mailing procedure designed to ensure that items are properly addressed and mailed, sworn to by someone with personal knowledge of the procedure," the plaintiff failed to establish that the notice of default was sent in accordance with the terms of the mortgage (Wells Fargo Bank, N.A. v Tricario, 180 AD3d 848, 851 [internal quotation marks omitted]; see U.S. Bank N.A. v Kochhar, 176 AD3d at 1012; Citibank, N.A. v Conti-Scheurer, 172 AD3d 17, 21).
Accordingly, the Supreme Court should have denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant, to strike her answer, and for an order of reference.
In light of our determination, we need not address the parties' remaining contentions.
CONNOLLY, J.P., ROMAN, MALTESE and CHRISTOPHER, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court