Wilmington Sav. Fund Socy., FSB v Fernando (2022 NY Slip Op 05231)

Wilmington Sav. Fund Socy., FSB v Fernando

2022 NY Slip Op 05231

Decided on September 21, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 21, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
ROBERT J. MILLER
LARA J. GENOVESI
WILLIAM G. FORD, JJ.

2018-10580
 (Index No. 59170/14)

[*1]Wilmington Savings Fund Society, FSB, etc., respondent, 
v
Devinda Rumal Fernando, etc., et al., defendants, Bernadette M. Fernando, appellant.

Solomon Zabrowsky, New York, NY, for appellant.
Knuckles, Komosinski & Manfro, LLP, Elmsford, NY (Michel Lee of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Bernadette M. Fernando appeals from an order and judgment of foreclosure and sale (one paper) of the Supreme Court, Westchester County (William J. Giacomo, J.), dated July 3, 2018. The order and judgment of foreclosure and sale, upon an amended order of the same court dated November 2, 2017, inter alia, granting those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Bernadette M. Fernando, to strike that defendant's answer, and for an order of reference, among other things, granted the plaintiff's motion to confirm a referee's report and for a judgment of foreclosure and sale, and directed the sale of the subject property.
ORDERED that the order and judgment of foreclosure and sale is reversed, on the law, with costs, those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Bernadette M. Fernando, to strike that defendant's answer, and for an order of reference are denied, the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale are denied, and the amended order dated November 2, 2017, is modified accordingly.
Green Tree Servicing, LLC (hereinafter Green Tree), commenced this action against the defendant Bernadette M. Fernando (hereinafter the defendant), among others, to foreclose a consolidated mortgage on certain real property in New Rochelle. The defendant answered and asserted several affirmative defenses. The plaintiff, as Green Tree's assignee, thereafter moved, inter
alia, for summary judgment on the complaint insofar as asserted against the defendant, to strike her answer, and for an order of reference. In an amended order dated November 2, 2017, the Supreme Court, inter alia, granted those branches of the plaintiff's motion and referred the matter to a referee to ascertain and compute the amount due on the mortgage loan. The plaintiff subsequently moved to confirm the referee's report and for a judgment of foreclosure and sale. In an order and judgment of foreclosure and sale dated July 3, 2018, the Supreme Court, among other things, granted the plaintiff's motion and directed the sale of the subject property. The defendant appeals.
As the defendant correctly contends, the plaintiff failed to demonstrate, prima facie, that Green Tree strictly complied with RPAPL 1304. Proof of the requisite mailing of the notice required by RPAPL 1304 "is established with proof of the actual mailings, such as affidavits of [*2]mailing or domestic return receipts with attendant signatures, or proof of a standard office mailing procedure designed to ensure that items are properly addressed and mailed, sworn to by someone with personal knowledge of the procedure" (Wells Fargo Bank, NA v Mandrin, 160 AD3d 1014, 1016; see U.S. Bank N.A. v Ahmed, 174 AD3d 661, 662-663).
Here, although the plaintiff submitted a copy of the 90-day notice purportedly sent to the defendant by Green Tree, it failed to demonstrate, prima facie, that the notice was actually mailed, either through an affidavit of mailing, other proof of mailing by the post office, or evidence of a standard office mailing procedure. Instead, the plaintiff merely submitted an affidavit from a representative of its attorney-in-fact, averring that the 90-day notice was sent by Green Tree in accordance with RPAPL 1304. That conclusory, unsubstantiated averment, standing alone, was insufficient to establish that the notice was actually mailed to the defendant by first-class and certified mail (see Wilmington Trust, N.A. v Jimenez, 194 AD3d 988, 989; U.S. Bank N.A. v Moulton, 179 AD3d 734, 739). Moreover, the affiant based his assertions upon his review of unspecified business records without attaching any such business records to his affidavit (see Wilmington Trust, N.A. v Jimenez, 194 AD3d at 989). "It is the business record itself, not the foundational affidavit, that serves as proof of the matter asserted" (Deutsche Bank Natl. Trust Co. v Elshiekh, 179 AD3d 1017, 1021; see Bank of N.Y. Mellon v Gordon, 171 AD3d 197, 205).
Accordingly, those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant, to strike her answer, and for an order of reference should have been denied without regard to the sufficiency of the defendant's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
In light of our determination, we need not reach the parties' remaining contentions.
IANNACCI, J.P., MILLER, GENOVESI and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court