Aurora Loan Servs., LLC v Czin (2022 NY Slip Op 07428)

Aurora Loan Servs., LLC v Czin

2022 NY Slip Op 07428

Decided on December 28, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 28, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
ROBERT J. MILLER
LARA J. GENOVESI
LILLIAN WAN, JJ.

2016-07422
 (Index No. 7061/09)

[*1]Aurora Loan Services, LLC, appellant,
v
Judith Czin, respondent, et al., defendants.

McCalla Raymer Leibert Pierce, LLC, New York, NY (Charles H. Jeanfreau of counsel), for appellant.
Jacob Ginsburg, Esq. PLLC, Monsey, NY, for respondent.

DECISION & ORDER
In an action, inter alia, to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Laura Lee Jacobson, J.), dated May 17, 2016. The order, insofar as appealed from, denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Judith Czin, to strike that defendant's answer and counterclaims, for an order of reference, and to substitute nonparty Nationstar Mortgage, LLC, as the plaintiff.
ORDERED that the order is modified, on the law, by deleting the provision thereof denying those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Judith Czin, to strike that defendant's answer and counterclaims, and for an order of reference, and substituting therefor a provision granting those branches of the motion; as so modified, the order is affirmed insofar as appealed from, with costs to the plaintiff.
On December 12, 2006, the defendant Eugene Czin executed a note in the amount of $650,000 in favor of nonparty First Magnus Financial Corporation (hereinafter First Magnus). The note was secured by a mortgage on certain real property located in Brooklyn. The mortgage was signed by Eugene Czin and the defendant Judith Czin (hereinafter together the defendants).
On March 24, 2009, the plaintiff, First Magnus's successor in interest, commenced the instant action, inter alia, to foreclose the mortgage against the defendants, among others. In their answer, the defendants asserted counterclaims seeking to enjoin any foreclosure sale, and seeking damages, among other things, pursuant to the Home Equity Theft Protection Act, the Banking Law, the Truth in Lending Act (15 USC § 1601 et seq.), and General Business Law § 349. The defendants also asserted, among other things, affirmative defenses alleging lack of personal jurisdiction and lack of standing.
On or about December 2, 2014, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendants, to strike their answer and counterclaims, for an order of reference, and to substitute its purported successor in interest, Nationstar Mortgage, LLC (hereinafter Nationstar), as the plaintiff.
In support of its motion, the plaintiff submitted an affidavit from Laura McCann, a vice president of the plaintiff. McCann stated that she was also a vice president of Aurora [*2]Commercial Corporation, the successor entity to Aurora Bank, FSB (hereinafter Aurora Bank). She stated that "[e]ffective July 21, 2011, Aurora Loan Services LLC transferred its loan servicing activities to Aurora Bank FSB, the parent company of Aurora Loan Services LLC. All of the records and processes referenced in this affidavit were transferred without change or alteration from Aurora Loan Services LLC to Aurora Bank FSB, effective July 21, 2011."
McCann stated that she was familiar with the records and record-keeping practices of the plaintiff and of Aurora Bank. She stated that "Aurora Loan Services LLC held the note, indorsed in blank, at the time this case was filed, on March 24, 2009." She attached a printout of a computer record showing that the plaintiff became the custodian of the original note on March 16, 2009.
The plaintiff also submitted an affidavit from Fay Janati, a litigation resolution analyst for Nationstar. Janati stated that "[e]ffective July 1, 2012, Aurora Bank FSB transferred loan servicing right to this loan to Nationstar." Janati also stated that she was familiar with Nationstar's records and record-keeping practices, and that "Nationstar is the current holder of the promissory note executed by Mr. Czin. Nationstar came to hold the note when it acquired ownership of the records facility in Scottsbluff, Nebraska, which was formerly owned by Aurora Bank FSB, on July 1, 2012."
The defendants, proceeding pro se at the time, opposed the motion and cross-moved to dismiss the complaint insofar as asserted against them on the grounds that they were not properly served with process, and that the plaintiff failed to establish its standing.
In an order dated May 17, 2016, the Supreme Court denied the plaintiff's motion. The plaintiff appeals.
In a decision and order on motion dated March 21, 2022, this Court, inter alia, granted that branch of the plaintiff's motion which was, in effect, to amend the caption pursuant to CPLR 1015(b) to reflect that Eugene Czin had died and was no longer a respondent on the appeal.
The Supreme Court erred in denying those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against Judith Czin and for an order of reference. Where, as here, the issue of standing is raised by a defendant, "a plaintiff must establish its standing to be entitled to relief" (EMC Mtge. Corp. v Tinari, 169 AD3d 1006, 1007; see
Deutsche Bank Trust Co. Ams. v Garrison, 147 AD3d 725, 726). A plaintiff has standing to maintain a mortgage foreclosure action where it is the holder or assignee of the underlying note at the time the action is commenced (see Aurora Loan Servs., LLC v Taylor, 25 NY3d 355, 361-362). Here, the plaintiff established its standing by submitting the affidavit of McCann and the attached business record, which established that the plaintiff had possession of the note prior to commencing the instant action (cf. Deutsche Bank Trust Co. Ams. v Miller, 198 AD3d 867, 868; see generally Bank of N.Y. Mellon v Gordon, 171 AD3d 197, 205).
Judith Czin's contention that the plaintiff's motion should have been denied on the ground that she was not properly served with the summons and complaint is without merit, because she "failed to move to dismiss the complaint on that ground within 60 days after serving [an] answer and, therefore, [she] waived that defense" (Putnam County Sav. Bank v Mastrantone, 111 AD3d 914, 914; see Generation Mtge. Co. v Medina, 138 AD3d 688, 689).
The plaintiff also established its entitlement to the striking of the counterclaims of Judith Czin, as she has abandoned her counterclaims (see Genovese v Gambino, 309 AD2d 832, 833). Judith Czin's remaining contentions regarding those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against her and for an order of reference are without merit.
However, the Supreme Court properly denied that branch of the plaintiff's motion which was to substitute Nationstar as the plaintiff. "It is the business record itself, not the foundational affidavit, that serves as proof of the matter asserted" (Deutsche Bank Trust Co. Ams. v Miller, 198 AD3d at 868; see Bank of N.Y. Mellon v Gordon, 171 AD3d at 205). "Without submission of the business records, a witness's testimony as to the contents of the records is inadmissable hearsay" (Wells Fargo Bank, N.A. v Atedgi, 189 AD3d 934, 936). Here, the plaintiff [*3]relied on the affidavit of Janati, who stated that she was familiar with Nationstar's records and record-keeping practices, and that "Nationstar is the current holder of the promissory note executed by Mr. Czin. Nationstar came to hold the note when it acquired ownership of the records facility in Scottsbluff, Nebraska, which was formerly owned by Aurora Bank FSB, on July 1, 2012." Nevertheless, Janati failed to attach any business record to establish Nationstar's acquisition of the Nebraska records facility. Janati also failed to attach any other business record to show that Nationstar had possession of the note. Thus, her statement is hearsay, and there is no admissible evidence in the record that Nationstar was the holder of the note.
LASALLE, P.J., MILLER, GENOVESI and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court