PS Funding, Inc. v 1641 Park Place, LLC (2025 NY Slip Op 03349)

PS Funding, Inc. v 1641 Park Place, LLC

2025 NY Slip Op 03349

Decided on June 4, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 4, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
WILLIAM G. FORD
HELEN VOUTSINAS
LOURDES M. VENTURA, JJ.

2022-10030
2022-10033
 (Index No. 512438/20)

[*1]PS Funding, Inc., respondent, 
v
1641 Park Place, LLC, appellant, et al., defendants.

Biolsi Law Group, P.C., New York, NY (Steven Alexander Biolsi of counsel), for appellant.
Law Offices of Tae H. Hwang, LLC, Palisades, NY (Hye-Won Choi of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant 1641 Park Place, LLC, appeals from (1) an order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated September 29, 2022, and (2) an order and judgment of foreclosure and sale (one paper) of the same court dated October 26, 2022. The order granted the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale. The order and judgment of foreclosure and sale, insofar as appealed from, granted the same relief to the plaintiff and directed the sale of the subject property.
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the order and judgment of foreclosure and sale is reversed insofar as appealed from, on the law, the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale is denied, the order is modified accordingly, and the matter is remitted to the Supreme Court, Kings County, for a new report computing the amount due to the plaintiff, followed by further proceedings in accordance with CPLR 4403 and the entry of an appropriate amended judgment thereafter; and it is further,
ORDERED that one bill of costs is awarded to the defendant 1641 Park Place, LLC.
The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of the order and judgment of foreclosure and sale in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the order and judgment of foreclosure and sale (see CPLR 5501[a][1]; Matter of Aho, 39 NY2d at 248).
The plaintiff commenced this action against the defendant 1641 Park Place, LLC (hereinafter the defendant), among others, to foreclose a mortgage on certain real property located in Brooklyn. The defendant failed to answer the complaint. In an order dated January 28, 2022, the Supreme Court, inter alia, appointed a referee to compute the amount due to the plaintiff. Thereafter, the plaintiff moved to confirm the referee's report and for a judgment of foreclosure and sale. The [*2]defendant opposed the motion. In an order dated September 29, 2022, the court granted the plaintiff's motion. In an order and judgment of foreclosure and sale dated October 26, 2022, the court, among other things, granted the same relief to the plaintiff and directed the sale of the subject property. The defendant appeals.
"The report of a referee should be confirmed whenever the findings are substantially supported by the record, and the referee has clearly defined the issues and resolved matters of credibility" (Nationstar Mtge., LLC v Hassanzadeh, 228 AD3d 948, 949; Deutsche Bank Natl. Trust Co. v Szabo, 217 AD3d 837, 838). "The referee's findings and recommendations are advisory only and have no binding effect on the court, which remains the ultimate arbiter of the dispute" (Citimortgage, Inc. v Kidd, 148 AD3d 767, 768; see HSBC Bank USA, N.A. v Sharon, 202 AD3d 764, 766).
"[A]s a general rule, the mere filing of papers received from other entities, even if they are retained in the regular course of business, is insufficient to qualify the documents as business records" (Bank of N.Y. Mellon v Gordon, 171 AD3d 197, 209 [internal quotation marks omitted]); see Deutsche Bank Natl. Trust Co. Ams. v Banu, 205 AD3d 887, 890). "However, such records may be admitted into evidence if the recipient can establish personal knowledge of the maker's business practices and procedures, or establish that the records provided by the maker were incorporated into the recipient's own records and routinely relied upon by the recipient in its own business" (Bank of N.Y. Mellon v Gordon, 171 AD3d at 209; see Wells Fargo Bank, N.A. v Farfan, 203 AD3d 1107, 1109).
As the defendant correctly contends, the referee's report was not substantially supported by the record. The report was based in significant part on the affidavit of Warren Green, who averred that he was an authorized signatory of the plaintiff and the loan officer in charge of this foreclosure matter and that he was fully familiar with the facts "based on personal knowledge and the business records of the plaintiff in [his] control and possession." Green's computation of the principal and interest due was based on a document bearing the name of FCI Lender Services, Inc., and demonstrating a payment history and interest charges. The charges for "Appraisal Fees" were supported by an invoice from AEI Consultants that was addressed to Asset Management Peerstreet for an environmental assessment and an invoice from Jones Realty Investment Solutions that was addressed to Peerstreet, Inc., for an appraisal. The charges for "Lender Placed Insurance" were supported by certain redacted documents bearing the name of "OSC" and listing various amounts paid. However, Green failed to identify the entities listed on those documents or to explain their relationship to the plaintiff. In an affirmation submitted in reply to the defendant's opposition papers, without alleging personal knowledge, the plaintiff's counsel explained that FCI Lender Services, Inc., was the servicer for the plaintiff, that Peerstreet, Inc., was an affiliate of the plaintiff and made payments on the loan on behalf of the plaintiff, and that OSC provided forced-place insurance for the plaintiff. However, Green failed to aver to familiarity with the record-keeping practices and procedures of the entities that generated the records or establish that the records provided by the maker were incorporated into the plaintiff's own records and routinely relied upon by the plaintiff in its own business (see Deutsche Bank Natl. Trust Co. Ams. v Banu, 205 AD3d at 890; Bank of N.Y. Mellon v Gordon, 171 AD3d at 209). Since the plaintiff did not lay the proper foundation for the admission of the records into evidence, those records do not constitute admissible evidence (see Deutsche Bank Natl. Trust Co. v Quaranta, 231 AD3d 929, 931; Bank of N.Y. Mellon v Gordon, 171 AD3d at 210). Accordingly, the referee's computations with respect to the total amount due were not substantially supported by the record, and the Supreme Court, in confirming the referee's report, should not have relied upon them (see Deutsche Bank Natl. Trust Co. v Quaranta, 231 AD3d at 931).
Under the circumstances, the Supreme Court should have denied the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale, and we remit the matter to the Supreme Court, Kings County, for a new report computing the amount due to the plaintiff, followed by further proceedings in accordance with CPLR 4403 and the entry of an appropriate amended judgment thereafter.
The parties' remaining contentions are without merit.
CONNOLLY, J.P., FORD, VOUTSINAS and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court