HSBC Bank USA, N.A. v Amundson (2025 NY Slip Op 04770)

HSBC Bank USA, N.A. v Amundson

2025 NY Slip Op 04770

Decided on August 27, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 27, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
BARRY E. WARHIT
LILLIAN WAN
PHILLIP HOM, JJ.

2023-09272 
2024-03760
 (Index No. 501747/20)

[*1]HSBC Bank USA, National Association, etc., appellant, 
v
Kelli Amundson, et al., respondents, et al., defendants.

Hinshaw & Culbertson LLP, New York, NY (Jason J. Oliveri of counsel), for appellant.
Smith Law Group, Bedford Hills, NY (Stephen M. Smith of counsel), for respondents.

DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from (1) an order of the Supreme Court, Putnam County (Gina C. Capone, J.), dated September 18, 2023, (2) an order of the same court dated February 15, 2024. The order dated September 18, 2023, insofar as appealed from, denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants Kelli Amundson and Christopher Amundson, to strike those defendants' answer, affirmative defenses, and counterclaims, and for an order of reference, and granted those defendants' cross-motion for summary judgment dismissing the complaint insofar as asserted against them. The order dated February 15, 2024, insofar as appealed from, upon reargument, adhered to the determination in the order dated September 18, 2023, denying those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants Kelli Amundson and Christopher Amundson, to strike those defendants' answer, affirmative defenses, and counterclaims, and for an order of reference, and granting those defendants' cross-motion for summary judgment dismissing the complaint insofar as asserted against them.
ORDERED that the order dated September 18, 2023, is reversed insofar as appealed from, on the law, those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants Kelli Amundson and Christopher Amundson, to strike those defendants' answer, affirmative defenses, and counterclaims, and for an order of reference are granted, those defendants' cross-motion for summary judgment dismissing the complaint insofar as asserted against them is denied, and the order dated February 15, 2024, is vacated; and it is further,
ORDERED that the appeal from the order dated February 15, 2024, is dismissed as academic in light of our determination on the appeal from the order dated September 18, 2023; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
In December 2020, the plaintiff commenced this action against the defendants Kelli Amundson and Christopher Amundson (hereinafter together the defendants), among others, to foreclose a mortgage on certain real property located in Mahopac. The defendants interposed an answer in which they asserted various affirmative defenses, including the failure to comply with the notice of default provision in the subject mortgage agreement, and counterclaims.
The plaintiff subsequently moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendants, to strike their answer, affirmative defenses, and counterclaims, and for an order of reference. In support of its motion, the plaintiff submitted an affidavit from a senior loan analyst employed by Ocwen Financial Corporation, whose indirect subsidiary was PHH Mortgage Corporation, doing business as PHH Mortgage Services, successor by merger to Ocwen Loan Servicing, LLC (hereinafter PHH), the plaintiff's loan servicer and attorney-in-fact. The senior loan analyst attested that he was personally familiar with the record-keeping practices and procedures of PHH. The senior loan analyst also averred that, to the extent that any of the servicing records were created by the plaintiff or prior loan servicers, such records were incorporated into PHH's servicing records and relied upon in the ordinary course of business conducted by PHH. The senior loan analyst stated, among other things, that he was personally familiar with PHH's standard office mailing practices and described the procedure by which RPAPL 1304 notices were mailed to the defendants by both certified and first-class mail. The plaintiff also submitted, inter alia, copies of envelopes addressed to each defendant bearing a certified mail 20-digit barcode and copies of envelopes bearing a first-class mail 10-digit barcode, along with copies of the RPAPL 1304 notices sent to the defendants.
The defendants opposed the plaintiff's motion and cross-moved for summary judgment dismissing the complaint insofar as asserted against them, contending, among other things, that the plaintiff failed to comply with the notice of default provision in the mortgage agreement. By order dated September 18, 2023, the Supreme Court, inter alia, denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants, to strike their answer, affirmative defenses, and counterclaims, and for an order of reference, and granted the defendants' cross-motion. The plaintiff subsequently moved for leave to reargue those branches of its prior motion and its opposition to the defendants' prior cross-motion. By order dated February 15, 2024, the court granted leave to reargue and, upon reargument, adhered to the determination in the order dated September 18, 2023, denying those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants, to strike their answer, affirmative defenses, and counterclaims, and for an order of reference, and granting the defendants' cross-motion for summary judgment dismissing the complaint insofar as asserted against them. The plaintiff appeals.
The plaintiff demonstrated that it mailed the RPAPL 1304 notice to the defendants by both certified and first-class mail (see Federal Natl. Mtge. Assn. v Ambrosio, 197 AD3d 560, 563; Nationstar Mtge., LLC v Durane-Bolivard, 175 AD3d 1308, 1309), and that the contents of the notice complied with RPAPL 1304(1). Contrary to the defendants' contention, pursuant to the terms of the mortgage agreement, the satisfaction of RPAPL 1304 also satisfied the notice-of-default requirement in the mortgage agreement itself (see Federal Natl. Mtge. Assn. v Ambrosio, 197 AD3d at 563; Wachovia Bank, N.A. v Carcano, 106 AD3d 724, 725).
Further, the Supreme Court should have granted those branches of the plaintiff's motion which were to strike the defendants' remaining affirmative defenses and counterclaims, as the defendants abandoned those affirmative defenses and counterclaims by failing to address them in opposition to the plaintiff's motion, inter alia, for summary judgment and in support of their cross-motion for summary judgment (see Wells Fargo Bank, N.A. v Carrington, 221 AD3d 746, 749; Aurora Loan Servs., LLC v Czin, 211 AD3d 1000, 1002; Genovese v Gambino, 309 AD2d 832, 833).
The defendants' remaining contention is without merit.
Accordingly, the Supreme Court should have granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the [*2]defendants, to strike their answer, affirmative defenses, and counterclaims, and for an order of reference, and denied the defendants' cross-motion for summary judgment dismissing the complaint insofar as asserted against them.
BARROS, J.P., WARHIT, WAN and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court