Deutsche Bank Natl. Trust Co. v Ezeji (2021 NY Slip Op 03164)





Deutsche Bank Natl. Trust Co. v Ezeji


2021 NY Slip Op 03164


Decided on May 19, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 19, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LEONARD B. AUSTIN
BETSY BARROS
PAUL WOOTEN, JJ.


2017-07166
 (Index No. 8474/11)

[*1]Deutsche Bank National Trust Company, etc., respondent, 
v
Verna Ezeji, appellant, et al., defendants.


Lawrence Katz, Valley Stream, NY, for appellant.
Goodwin Procter LLP, New York, NY (Allison J. Schoenthal and Leah Edmunds of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Verna Ezeji appeals from an order and judgment of foreclosure and sale (one paper) of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered August 13, 2018. The order and judgment of foreclosure and sale, upon an order of the same court dated April 26, 2017, inter alia, granting those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Verna Ezeji and for an order of reference, and denying the cross motion of the defendant Verna Ezeji to impose a sanction upon the plaintiff for failing to negotiate in good faith pursuant to CPLR 3408(f), granted the plaintiff's motion for a judgment of foreclosure and sale, confirmed the referee's report, and directed the sale of the subject property.
ORDERED that the order and judgment of foreclosure and sale is reversed, on the law, with costs, those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Verna Ezeji and for an order of reference are denied, the plaintiff's motion for a judgment of foreclosure and sale is denied, and the order dated April 26, 2017, is modified accordingly.
In a note dated August 18, 2006, the defendant Verna Ezeji borrowed the sum of $128,000 from WMC Mortgage Corp. The note was secured by a mortgage on property located in Freeport. The mortgage allegedly was later assigned to the plaintiff.
In June 2011, the plaintiff commenced this action to foreclose the mortgage against Ezeji, among others. The plaintiff subsequently moved, inter alia, for summary judgment on the complaint insofar as asserted against Ezeji and for an order of reference. Ezeji opposed the motion and cross-moved to impose a sanction upon the plaintiff for failing to negotiate in good faith pursuant to CPLR 3408(f). In an order dated April 26, 2017, the Supreme Court, inter alia, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against Ezeji and for an order of reference, and denied Ezeji's cross motion. In an order and judgment of foreclosure and sale entered August 13, 2018, the court granted the plaintiff's motion for a judgment of foreclosure and sale, confirmed the referee's report, and directed the sale of the subject property. Ezeji appeals.
The Supreme Court erred in granting those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against Ezeji and for an order of reference. "'Where, as here, a defendant raises lack of standing as a defense, the plaintiff bears the burden of demonstrating its standing'" (Wilmington Sav. Fund Socy., FSB v Hershkowitz, 189 AD3d 1126, 1127, quoting U.S. Bank N.A. v Echevarria, 171 AD3d 979, 980). A plaintiff has standing to maintain a mortgage foreclosure action where it is the holder of the note at the time the action is commenced (see Aurora Loan Servs., LLC v Taylor, 25 NY3d 355, 361-362). A plaintiff may demonstrate its standing in a foreclosure action through evidence that it was in physical possession of a note, endorsed in blank, at the time of the commencement of the action (see id. at 361-362; PNMAC Mtge. Co., LLC v Friedman, 189 AD3d 1289).
Here, in support of its motion, the plaintiff submitted an affidavit of Natalie J. Bryant, who averred that in her position as a vice president of loan documentation for Wells Fargo Bank, N.A. (hereinafter Wells Fargo), she has access to the business records relating to the subject loan. She averred that, based upon her review of Wells Fargo's books and records, the plaintiff physically possessed the note, endorsed in blank, at the time this action was commenced.
"Although the foundation for admission of a business record usually is provided by the testimony of the custodian, the author or some other witness familiar with the practices and procedures of the particular business, it is the business record itself, not the foundational affidavit, that serves as proof of the matter asserted" (Bank of N.Y. Mellon v Gordon, 171 AD3d 197, 205 [citation, alterations, and internal quotation marks omitted]). "Without submission of the business records, a witness's testimony as to the contents of the records is inadmissible hearsay" (Wells Fargo Bank, N.A. v Atedgi, 189 AD3d 934, 936; see CPLR 4518[a]; Bank of N.Y. Mellon v Gordon, 171 AD3d at 206). Here, the plaintiff failed to identify business records relied upon by Bryant evincing that the plaintiff was in physical possession of the note when it commenced this action. Moreover, while Bryant stated that she had access to Wells Fargo's records, she failed to aver to familiarity with the plaintiff's records and record-keeping practices so as to establish a foundation for admission of any of the plaintiff's business records (see Arch Bay Holdings, LLC v Albanese, 146 AD3d 849, 852-853).
Contrary to its contention, the plaintiff failed to tender sufficient evidence demonstrating, prima facie, the absence of triable issues of fact as to its strict compliance with RPAPL 1304 (see Wilmington Sav. Fund Socy., FSB v Hershkowitz, 189 AD3d at 1128; HSBC Bank USA, N.A. v Bermudez, 175 AD3d 667, 669). RPAPL 1304(1) provides that "at least ninety days before a lender, an assignee or a mortgage loan servicer commences legal action against the borrower, . . . including mortgage foreclosure, such lender, assignee or mortgage loan servicer shall give notice to the borrower." RPAPL 1304 requires that the notice be sent by registered or certified mail, and also by first-class mail, to the last known address of the borrower (see RPAPL 1304[2]). The plaintiff can establish strict compliance with RPAPL 1304 by submitting domestic return receipts, proof of a standard office procedure designed to ensure that items are properly addressed and mailed, or an affidavit from someone with personal knowledge that the mailing of the RPAPL 1304 notice actually happened (see Citibank, N.A. v Conti-Scheurer, 172 AD3d 17, 21).
Here, in support of its motion, the plaintiff relied on an affidavit of James Green, a vice president of loan documentation for Wells Fargo, who averred that, based on his review of Wells Fargo's business records, the required notice was sent by both certified mail and first-class mail. Green attached evidence of a certified article number, but did not attach any evidence of a first-class mailing. He did not aver that he had personal knowledge of the mailing, did not describe any standard office procedure designed to ensure that the notices are mailed, and did not attach domestic return receipts for the mailing (see Deutsche Bank Natl. Trust Co. v Dennis, 181 AD3d 864, 867; M & T Bank v Biordi, 176 AD3d 1194, 1196; see also JPMorgan Chase Bank, N.A. v Kutch, 142 AD3d 536, 537).
Accordingly, the Supreme Court should have denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against Ezeji and for an order of reference.
The Supreme Court properly denied Ezeji's cross motion to impose a sanction upon the plaintiff for failing to negotiate in good faith pursuant to CPLR 3408(f). "Pursuant to CPLR 3408(f), the parties at a mandatory . . . settlement conference are required to negotiate in good faith to reach a mutually agreeable resolution" (U.S. Bank N.A. v Smith, 123 AD3d 914, 916; see CPLR 3408[f]; Wells Fargo Bank, N.A. v Meyers, 108 AD3d 9, 11). "'The purpose of the good faith requirement [in CPLR 3408] is to ensure that both plaintiff and defendant are prepared to participate in a meaningful effort at the settlement conference to reach resolution'" (U.S. Bank N.A. v Smith, 123 AD3d at 916, quoting US Bank N.A. v Sarmiento, 121 AD3d 187, 200 [internal quotation marks omitted]). "To conclude that a party [has] failed to negotiate in good faith pursuant to CPLR 3408(f), a court must determine that 'the totality of the circumstances demonstrates that the party's conduct did not constitute a meaningful effort at reaching a resolution'" (U.S. Bank N.A. v Smith, 123 AD3d at 916, quoting US Bank N.A. v Sarmiento, 121 AD3d at 203). Here, there is nothing in the record to support the claim that the plaintiff engaged in conduct that improperly hindered the settlement process or needlessly prevented the parties from reaching a mutually agreeable resolution (see Aurora Loan Servs., LLC v Chirinkin, 135 AD3d 676, 676).
DILLON, J.P., AUSTIN, BARROS and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court