Federal Natl. Mtge. Assn. v Donovan (2021 NY Slip Op 04748)





Federal Natl. Mtge. Assn. v Donovan


2021 NY Slip Op 04748


Decided on August 25, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 25, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SYLVIA O. HINDS-RADIX
ROBERT J. MILLER
PAUL WOOTEN, JJ.


2018-00700 
2018-00701
2018-13577
 (Index No. 4361/16)

[*1]Federal National Mortgage Association, etc., respondent, 
v
Kevin Donovan, appellant, et al., defendants.


Fred M. Schwartz, Smithtown, NY, for appellant.
Shapiro, DiCaro & Barak, LLC, Rochester, NY (Alex Cameron of counsel), for respondent.
In an action to foreclose a mortgage, the defendant Kevin Donovan appeals from (1) an order of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered November 6, 2017, (2) an order of the same court also entered November 6, 2017, and (3) an order and judgment of foreclosure and sale (one paper) of the same court entered July 19, 2018. The first order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Kevin Donovan and for an order of reference. The second order, insofar as appealed from, also granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Kevin Donovan and for an order of reference, and appointed a referee to compute the amount due to the plaintiff. The order and judgment of foreclosure and sale, upon the orders entered November 6, 2017, inter alia, granted the plaintiff's motion for a judgment of foreclosure and sale, denied the cross motion of the defendant Kevin Donovan to vacate a referee's report, confirmed the referee's report, and directed the sale of the subject property.



DECISION & ORDER
Motion by the respondent, inter alia, to dismiss the appeals from the orders entered November 6, 2017, on the ground that the right of direct appeal therefrom terminated upon the entry of the order and judgment of foreclosure and sale in the action. By decision and order on motion of this Court dated February 5, 2019, the branch of the motion which is to dismiss the appeals from the orders entered November 6, 2017, was held in abeyance and referred to the panel of Justices hearing the appeals for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the submission of the appeals, it is
ORDERED that the branch of the motion which is to dismiss the appeals from the orders entered November 6, 2017, is granted; and it is further,
ORDERED that the appeals from the orders entered November 6, 2017, are dismissed; and it is further,
ORDERED that the order and judgment of foreclosure and sale is reversed, on the [*2]law, those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Kevin Donovan and for an order of reference are denied, the plaintiff's motion for a judgment of foreclosure and sale is denied, and the orders entered November 6, 2017, are modified accordingly; and it is further,
ORDERED that one bill of costs is awarded to the defendant Kevin Donovan.
The appeals from the orders must be dismissed because the right of direct appeal therefrom terminated with the entry of the order and judgment of foreclosure and sale in the action (see Matter of Aho, 39 NY2d 241). The issues raised on the appeals from the orders are brought up for review and have been considered on the appeal from the order and judgment of foreclosure and sale (see CPLR 5501[a][1]).
On March 31, 2000, the defendant Kevin Donovan (hereinafter the defendant) executed a note in the sum of $252,700 in favor of nonparty IndyMac Mortgage Holdings, Inc. (hereinafter IndyMac), which was secured by a mortgage on certain real property located in Malverne. On June 15, 2016, the plaintiff, IndyMac's successor in interest, commenced this action to foreclose the mortgage against, among others, the defendant. In his answer, the defendant alleged that the plaintiff failed to comply with RPAPL 1304.
The plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference. In support of the motion, the plaintiff submitted, among other things, the affidavit of Rebecca Graves, a document management specialist for Seterus, Inc. (hereinafter Seterus), an authorized subservicer for the plaintiff. Graves averred that she was familiar with Seterus' records and record-keeping practices, and that Seterus' records incorporated the records of the prior servicer for the subject loan. Graves stated that the records showed that a notice of default in accordance with the terms of the mortgage agreement was sent to the defendant on September 2, 2010, and that a 90-day notice pursuant to RPAPL 1304 was mailed to the defendant on March 1, 2016. Graves attached a copy of the RPAPL 1304 notice and certified mail tracking information for the RPAPL 1304 notice. In opposition to the plaintiff's motion, the defendant submitted his affidavit, in which he denied receiving either the RPAPL 1304 notice or the notice of default pursuant to the terms of the mortgage agreement. The Supreme Court granted the plaintiff's motion, inter alia, for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference, and appointed a referee to compute the amount due to the plaintiff.
Thereafter, the plaintiff moved for a judgment of foreclosure and sale. The defendant cross-moved to vacate the referee's report on the ground that the referee did not conduct a hearing. In an order and judgment of foreclosure and sale entered July 19, 2018, the Supreme Court, among other things, granted the plaintiff's motion, denied the defendant's cross motion, confirmed the referee's report, and directed the sale of the subject property. The defendant appeals.
The Supreme Court erred in granting those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference. RPAPL 1304 provides that "at least ninety days before a lender, an assignee or a mortgage loan servicer commences legal action against the borrower . . . including mortgage foreclosure, such lender, assignee or mortgage loan servicer shall give notice to the borrower" (RPAPL 1304[1]). "Strict compliance with RPAPL 1304 notice to the borrower or borrowers is a condition precedent to the commencement of a foreclosure action" (Citibank, N.A. v Conti-Scheurer, 172 AD3d 17, 20). RPAPL 1304 requires that the notice be sent by registered or certified mail, and also by first-class mail, to the last known address of the borrower (see RPAPL 1304[2]). The plaintiff can establish strict compliance with RPAPL 1304 by submitting domestic return receipts, proof of a standard office procedure designed to ensure that items are properly addressed and mailed, or an affidavit from someone with personal knowledge that the mailing of the RPAPL 1304 notice actually occurred (see Citibank, N.A. v Conti-Scheurer, 172 AD3d at 21).
Here, the plaintiff failed to establish, prima facie, that the mailing of the RPAPL 1304 [*3]notice by first-class mail actually occurred. Graves did not aver that she had personal knowledge of the mailing, did not describe a standard office procedure designed to ensure that items are properly addressed and mailed, and did not attach proof of first-class mailing of the RPAPL 1304 notice (see Deutsche Bank Natl. Trust Co. v Ezeji, 194 AD3d 909, 911-912; Wells Fargo Bank, N.A. v Tricario, 180 AD3d 848; cf. Nationstar Mtge., LLC v Durane-Bolivard, 175 AD3d 1308, 1309-1310). Moreover, the plaintiff failed to establish, prima facie, that the mailing of the notice of default in accordance with the terms of the mortgage agreement actually occurred (see Nationstar Mtge., LLC v Tamargo, 177 AD3d 750).
In light of our determination, we need not reach the defendant's remaining contentions.
Accordingly, the Supreme Court should have denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference.
RIVERA, J.P., HINDS-RADIX, MILLER and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court