HSBC Bank USA, N.A. v Herod (2022 NY Slip Op 01444)





HSBC Bank USA, N.A. v Herod


2022 NY Slip Op 01444


Decided on March 9, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 9, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
CHERYL E. CHAMBERS
SHERI S. ROMAN
JOSEPH A. ZAYAS, JJ.


2019-04641 
2019-04642
 (Index No. 511243/16)

[*1]HSBC Bank USA, National Association, etc., respondent,
v
Colleen Herod, appellant, et al., defendants.


Colleen Herod, Brooklyn, NY, appellant pro se.
Frenkel Lambert Weiss Weisman & Gordon, LLP, Bay Shore, NY (Keith L. Abramson of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Colleen Herod appeals from two orders of the Supreme Court, Kings County (Noach Dear, J.), both dated February 5, 2019. The first order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against that defendant, to strike her answer, and for an order of reference. The second order, insofar as appealed from, granted the same relief to the plaintiff and appointed a referee.
ORDERED that the orders are reversed insofar as appealed from, on the law, with costs, and those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Colleen Herod, to strike her answer, and for an order of reference are denied.
In July 2016, the plaintiff commenced this action to foreclose a mortgage against, among others, the defendant Colleen Herod (hereinafter the defendant). The defendant interposed an answer in which she asserted the affirmative defense that the plaintiff lacked standing.
The plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant, to strike her answer, and for an order of reference. In support of the motion, the plaintiff submitted a copy of the promissory note in favor of nonparty Cambridge Home Capital, LLC (hereinafter Cambridge), which was annexed to the complaint. The second page of the note contained an endorsement transferring the note from Cambridge to nonparty CitiMortgage, Inc. (hereinafter CitiMortgage). The note was followed by an otherwise blank sheet of paper, containing an undated endorsement-in-blank from CitiMortgage. The plaintiff also submitted the affidavit of Janna Korby, an assistant vice president for CitiMortgage, who stated that she was familiar with CitiMortgage's records and record-keeping practices, including the records regarding the instant loan. She stated, "the original Note has been in the custody of CitiMortgage, Inc. on behalf of Plaintiff, HSBC Bank USA, National Association, as Trustee GSMPS Mortgage Loan Trust 2005-RP1, in its present condition since June 5, 2003." Korby attached the business records upon which she relied to her affidavit. The plaintiff also submitted a loan modification agreement between the [*2]defendant and Citibank dated December 30, 2010, and a power of attorney dated April 4, 2017, allowing CitiMortgage to act on the plaintiff's behalf.
The defendant opposed the motion, arguing, among other things, that the plaintiff failed to establish its standing because the allonge was not "firmly affixed" to the note, and because there was no evidence that CitiMortgage was authorized to hold the note on the plaintiff's behalf at the time the action was commenced.
In an order dated February 5, 2019, the Supreme Court determined, among other things, that the plaintiff had established its standing, and granted the motion. In another order, also dated February 5, 2019, the court granted the plaintiff's motion and appointed a referee. The defendant appeals from both orders.
Where, as here, standing is put into issue by the defendant, the plaintiff must prove its standing in order to be entitled to relief (see Bayview Loan Servicing, LLC v Kelly, 166 AD3d 843, 845; Deutsche Bank Natl. Trust Co. v Brewton, 142 AD3d 683, 684). A plaintiff has standing to maintain a mortgage foreclosure action where it is the holder or assignee of the underlying note at the time the action is commenced (see Aurora Loan Servs., LLC v Taylor, 25 NY3d 355, 361-362).
Here, there was no evidence that the plaintiff is the assignee of note, and triable issues of fact exist as to whether the plaintiff was the holder of the note at the time the action was commenced. A promissory note is a negotiable instrument within the meaning of the Uniform Commercial Code (see UCC 3-104[2][d]; Deutsche Bank Natl. Trust Co. v Brewton, 142 AD3d at 684; Mortgage Elec. Registration Sys., Inc. v Coakley, 41 AD3d 674, 674). A "holder" is "the person in possession of a negotiable instrument that is payable either to bearer or to an identified person that is the person in possession" (UCC 1-201[b][21][A]; see Deutsche Bank Natl. Trust Co. v Brewton, 142 AD3d at 684). Where an instrument is endorsed in blank, it may be negotiated by delivery (see UCC 3-202[1]; 3-204[2]; Deutsche Bank Natl. Trust Co. v Brewton, 142 AD3d at 684). In the present case, there is a triable issue of fact as to whether the note was properly endorsed in blank by an allonge "so firmly affixed thereto as to become a part thereof" when it came into the possession of the plaintiff (UCC 3-202[2]; see U.S. Bank N.A. v Moulton, 179 AD3d 734, 736-738; Bayview Loan Servicing, LLC v Kelly, 166 AD3d at 845-846; HSBC Bank USA, N.A. v Roumiantseva, 130 AD3d 983, 985).
Further, the affidavit of Korby and the accompanying business records also were insufficient to establish standing. Among other things, although Korby stated that CitiMortgage had possession of the note on the plaintiff's behalf at the time the action was commenced, the power of attorney authorizing CitiMortgage to act on the plaintiff's behalf did not take effect until after the action was commenced (see US Bank N.A. v Cusati, 185 AD3d 870, 871).
The plaintiff's reliance on the assignments of the mortgage is misplaced "because the mortgage is not the dispositive document of title as to the mortgage loan" (Aurora Loan Servs., LLC v Taylor, 25 NY3d at 362 [internal quotation marks omitted]; see Bank of N.Y. v Silverberg, 86 AD3d 274, 280).
Since the plaintiff failed to establish standing, the Supreme Court should have denied those branches of its motion which were for summary judgment on the complaint insofar as asserted against the defendant, to strike her answer, and for an order of reference.
In light of our determination, we do not reach the defendant's remaining contention.
BRATHWAITE NELSON, J.P., CHAMBERS, ROMAN and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court