Bank of N.Y. Mellon Trust Co., N.A. v Andersen (2022 NY Slip Op 05827)

Bank of N.Y. Mellon Trust Co., N.A. v Andersen

2022 NY Slip Op 05827

Decided on October 19, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 19, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
BETSY BARROS
ROBERT J. MILLER
LINDA CHRISTOPHER, JJ.

2019-12322
 (Index No. 503553/2012)

[*1]Bank of New York Mellon Trust Company, National Association, etc., respondent,
v
Shaun Christian Andersen, etc., et al., defendants, 552 51st Management Corp., appellant.

The Rosenfeld Law Office, Lawrence, NY (Avi Rosenfeld of counsel), for appellant.
Hinshaw & Culbertson LLP, New York, NY (Jason J. Oliveri and Schuyler B. Kraus of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant 552 51st Street Management Corp. appeals from an order of the Supreme Court, Kings County (Noach Dear, J.), dated September 4, 2019. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against that defendant and to strike its answer and counterclaims.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant 552 51st Street Management Corp. and to strike its answer and counterclaims are denied.
In October 2012, the plaintiff commenced this action to foreclose a mortgage against, among others, the defendant 552 51st Street Management Corp. (hereinafter the defendant). In the complaint, the plaintiff alleged, inter alia, that it was the holder of a note securing the subject mortgage and that the note was endorsed and delivered to the plaintiff prior to the commencement of this action. The defendant interposed an answer in which it asserted various affirmative defenses, including that the plaintiff lacked standing.
The plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant and to strike its answer and counterclaims. In support of its motion, the plaintiff submitted, among other things, a copy of the note executed in favor of nonparty First National Bank of Arizona (hereinafter FNBA), which was attached to the complaint. The note was followed by an addendum that contained an undated endorsement transferring the note from nonparty Residential Funding Corporation (hereinafter RFC) to nonparty JP Morgan Chase Bank as Trustee (hereinafter JP Morgan). The addendum was followed by an allonge containing an undated endorsement from FNBA to RFC.
The plaintiff also submitted the affidavit of Benjamin Verdooren, a senior loan analyst employed by the plaintiff's current loan servicer. In his affidavit, Verdooren averred, inter [*2]alia, that he was familiar with the loan servicer's records and record-keeping practices, including the records regarding the subject loan. Verdooren further averred, in relevant part, that: "[o]n July 5, 2005, the original Note was delivered to and in the custody of JP Morgan, through its agent and custodian, Wells Fargo Bank, N.A." (hereinafter Wells Fargo); in October 2006, the plaintiff acquired the corporate trust business of JP Morgan and became the successor trustee for its trusts; and the plaintiff has "been in physical possession of the original Note since December 18, 2007, through its agent and custodian, Wells Fargo." Verdooren attached the business records upon which he relied to his affidavit.
The defendant opposed the motion, arguing, among other things, that the plaintiff failed to establish its standing because the allonge was not "firmly affixed" to the note in compliance with Uniform Commercial Code § 3-202(2). In an order dated September 4, 2019, the Supreme Court, among other things, determined that the plaintiff had established its standing, and granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant and to strike its answer and counterclaims. The defendant appeals.
"Where, as here, standing is put into issue by the defendant, the plaintiff must prove its standing in order to be entitled to relief" (HSBC Bank USA, N.A. v Herod, 203 AD3d 805, 807; see Bayview Loan Servicing, LLC v Kelly, 166 AD3d 843, 845; Deutsche Bank Natl. Trust Co. v Brewton, 142 AD3d 683, 684). A plaintiff has standing to maintain a mortgage foreclosure action where it is the holder or assignee of the underlying note at the time the action is commenced (see Aurora Loan Servs., LLC v Taylor, 25 NY3d 355, 361-362).
Here, there was no evidence that the plaintiff is the assignee of the note, and a triable issue of fact exists as to whether the plaintiff was the holder of the note at the time this action was commenced. A promissory note is a negotiable instrument within the meaning of the Uniform Commercial Code (see UCC 3-104[2][d]; Deutsche Bank Natl. Trust Co. v Brewton, 142 AD3d at 684; Mortgage Elec. Registration Sys., Inc. v Coakley, 41 AD3d 674, 674). A "holder" is "the person in possession of a negotiable instrument that is payable either to bearer or to an identified person that is the person in possession" (UCC 1-201[b] [21][A]; see Deutsche Bank Natl. Trust Co. v Brewton, 142 AD3d at 684). In the present case, there is a triable issue of fact as to whether the note was properly specially endorsed by an allonge "so firmly affixed thereto as to become a part thereof" when it came into the possession of the plaintiff (UCC 3-202[2]; see HSBC Bank USA, N.A. v Herod, 203 AD3d at 807; U.S. Bank N.A. v Moulton, 179 AD3d 734, 736-738; Bayview Loan Servicing, LLC v Kelly, 166 AD3d at 845-846).
Further, the affidavit of Verdooren and the accompanying business records were insufficient to establish the plaintiff's standing (see HSBC Bank USA, N.A. v Boursiquot, 204 AD3d 980, 982; Deutsche Bank Natl. Trust Co. v Schmelzinger, 189 AD3d 1173, 1175). Although the foundation for the admission of a business record may be provided by the testimony of the custodian, "it is the business record itself, not the foundational affidavit, that serves as proof of the matter asserted" (Bank of N.Y. Mellon v Gordon, 171 AD3d 197, 205; see CPLR 4518[a]). Here, although Verdooren stated that Wells Fargo had possession of the note on the plaintiff's behalf at the time the action was commenced, the documents attached to Verdooren's affidavit failed to establish this fact.
Accordingly, the Supreme Court should have denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant and to strike its answer and counterclaims.
In light of our determination, the defendant's remaining contentions need not be reached.
DUFFY, J.P., BARROS, MILLER and CHRISTOPHER, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court