HSBC Bank USA, N.A. v Gordon (2022 NY Slip Op 06473)

HSBC Bank USA, N.A. v Gordon

2022 NY Slip Op 06473

Decided on November 16, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 16, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
LINDA CHRISTOPHER
DEBORAH A. DOWLING
BARRY E. WARHIT, JJ.

2017-07331
2019-14095
2019-14096
 (Index No. 25474/09)

[*1]HSBC Bank USA, National Association, etc., respondent, 
v
Mindi Gordon, et al., appellants, et al., defendants.

Law Office of Samuel Katz, PLLC, Brooklyn, NY (Joseph J. Schwartz of counsel), for appellants.
Frenkel Lambert Weiss Weisman & Gordon, LLP (Reed Smith, LLP, New York, NY [Joseph B. Teig and Andrew B. Messite], of counsel), for respondent.
In an action to foreclose a mortgage, the defendants Mindi Gordon and Robert Gordon appeal from (1) an order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated March 8, 2017, (2) an order and judgment of foreclosure and sale (one paper) of the same court dated August 8, 2018, and (3) an amended order and judgment of foreclosure and sale (one paper) of the same court dated August 21, 2019. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants Mindi Gordon and Robert Gordon, to strike their answer, and for an order of reference. The order and judgment of foreclosure and sale dated August 8, 2018, granted the plaintiff's motion for a judgment of foreclosure and sale, confirmed a referee's report, and directed the sale of the subject property. The amended order and judgment of foreclosure and sale dated August 21, 2019, granted the plaintiff's motion for a judgment of foreclosure and sale, confirmed the referee's report, and directed the sale of the subject property.

DECISION & ORDER
Motion by the respondent to dismiss the appeal from the order dated March 8, 2017, on the ground that the right to appeal therefrom terminated with the entry of the amended order and judgment of foreclosure and sale in the action. By decision and order on motion of this Court dated April 21, 2021, the motion was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the submission of the appeals, it is
ORDERED that the motion to dismiss the appeal from the order dated March 8, 2017, is granted; and it is further,
ORDERED that the appeal from the order dated March 8, 2017, is dismissed; and it is further,
ORDERED that the appeal from the order and judgment of foreclosure and sale dated August 8, 2018, is dismissed on the ground that it was superseded by the amended order and judgment of foreclosure and sale dated August 21, 2019 (see Pacific Carlton Dev. Corp. v New York State Urban Dev. Corp., 206 AD3d 931, 931); and it is further,
ORDERED that the amended order and judgment of foreclosure and sale dated August 21, 2019, is reversed, on the law, those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants Mindi Gordon and Robert Gordon, to strike their answer, and for an order of reference are denied, the plaintiff's motion for a judgment of foreclosure and sale is denied, the order and judgment of foreclosure and sale dated August 8, 2018, is vacated, and the order dated March 8, 2017, is modified accordingly; and it is further,
ORDERED that one bill of costs is awarded to the appellants.
The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of the amended order and judgment of foreclosure and sale in the action (see Matter of Aho, 39 NY2d 241, 248). However, the issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the amended order and judgment of foreclosure and sale (see id. at 248).
On August 23, 2005, the defendant Mindi Gordon executed a note in the sum of $420,000 in favor of nonparty Fairmont Funding, Ltd. (hereinafter Fairmont). The note was secured by a mortgage on certain real property located in Brooklyn. The mortgage was signed by both the defendant Mindi Gordon and the defendant Robert Gordon (hereinafter together the defendants).
In October 2009, the plaintiff, Fairmont's successor in interest, commenced the instant action to foreclose the mortgage against the defendants, among others. The defendants interposed an answer wherein they asserted various affirmative defenses, none of which alleged lack of standing or failure to comply with RPAPL 1304.
On July 13, 2016, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendants, to strike their answer, and for an order of reference. The defendants opposed the motion on the grounds that the plaintiff failed to establish standing, and that it failed to comply with RPAPL 1304. In an order dated March 8, 2017, the Supreme Court, inter alia, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants, to strike their answer, and for an order of reference. In an amended order and judgment of foreclosure and sale dated August 21, 2019, the court granted the plaintiff's motion for a judgment of foreclosure and sale, confirmed the referee's report, and directed the sale of the subject property. The defendants appeal.
Contrary to the plaintiff's contention, the defendants did not waive the affirmative defense of lack of standing. RPAPL 1302-a provides that, notwithstanding the provisions of CPLR 3211(e), "any objection or defense based on the plaintiff's lack of standing in a foreclosure proceeding related to a home loan . . . shall not be waived if a defendant fails to raise the objection or defense in a responsive pleading or pre-answer motion to dismiss" (see US Bank N.A. v Blake-Hovanec, 191 AD3d 821, 825; GMAC Mtge., LLC v Coombs, 191 AD3d 37, 46).
The plaintiff failed to establish, prima facie, its standing to commence the action. A plaintiff has standing to maintain a mortgage foreclosure action where it is the holder or assignee of the underlying note at the time the action is commenced (see Aurora Loan Servs., LLC v Taylor, 25 NY3d 355, 361-362; HSBC Bank USA, N.A. v Herod, 203 AD3d 805, 807). Here, in support of its motion, the plaintiff submitted the affidavit of Shamona Marisa Truesdale, a vice president of loan documentation for Wells Fargo Bank, N.A. (hereinafter Wells Fargo), the plaintiff's loan servicer. Truesdale stated that she was familiar with Wells Fargo's records and record-keeping practices. She further stated that the plaintiff was in possession of the note on October 8, 2009, the date this action was commenced. Truesdale's statement that the plaintiff had possession of the note at the time this [*2]action was commenced was inadmissible hearsay. Although Truesdale stated that she was familiar with the records and record-keeping practices of Wells Fargo, the plaintiff's loan servicer, she failed to state that she was familiar with the records and record-keeping practices of the plaintiff itself. Thus, Truesdale failed to lay a proper foundation for the admission of any of the plaintiff's business records (see Deutsche Bank Natl. Trust Co. v Ezeji, 194 AD3d 909, 911, citing Arch Bay Holdings, LLC v Albanese, 146 AD3d 849, 852-853).
Contrary to the defendants' contention, the plaintiff did not improperly submit evidence of its purported compliance with RPAPL 1304 with its reply papers. Although a party moving for summary judgment cannot meet its prima facie burden by submitting evidence for the first time in reply, exceptions to the rule arise when the evidence submitted is in response to allegations raised for the first time in the opposition papers (see Citimortgage, Inc. v Espinal, 134 AD3d 876, 879). Here, the defendants did not raise noncompliance with RPAPL as a defense in their answer; the defense was raised for the first time in their opposition to the plaintiff's motion.
However, the plaintiff failed to establish, prima facie, that it strictly complied with RPAPL 1304. RPAPL 1304(1) provides that "at least ninety days before a lender, an assignee or a mortgage loan servicer commences legal action against the borrower or borrowers at the property address and any other address of record, including mortgage foreclosure, such lender, assignee or mortgage loan servicer shall give notice to the borrower." "Strict compliance with RPAPL 1304 notice to the borrower or borrowers is a condition precedent to the commencement of a foreclosure action" (Citibank, N.A. v Conti-Scheurer, 172 AD3d 17, 20). RPAPL 1304 requires that the notice be sent by registered or certified mail, and also by first-class mail, to the last known address of the borrower (see id. § 1304[2]). The plaintiff can establish strict compliance with RPAPL 1304 by submitting domestic return receipts, proof of a standard office procedure designed to ensure that items are properly addressed and mailed, or an affidavit from someone with personal knowledge that the mailing of the RPAPL 1304 notice actually happened (see Citibank, N.A. v Conti-Scheurer, 172 AD3d at 21).
Here, the plaintiff relied on the affidavit of Jack Whitmarsh, a vice president of loan documentation for Wells Fargo, who averred that, based on his review of Wells Fargo's records, the required notice was sent by both certified mail and first-class mail. The plaintiff also submitted a copy of the RPAPL 1304 notice, which was sent to the defendants at the mortgaged premises, and which was stamped with a certified mailing number, as well as a printout of a record purportedly evidencing certified mailing of the notice. However, these documents were insufficient to prove the mailing of the notice by certified mail actually occurred (see generally Bank of Am., N.A. v Lauro, 186 AD3d 659, 661). Moreover, the plaintiff failed to submit any evidence that the notice was mailed by first-class mail (see JPMorgan Chase Bank, N.A. v Nellis, 183 AD3d 583, 585). Further, Whitmarsh did not aver that he had personal knowledge of the mailing and did not describe any standard office procedure designed to ensure that the notices are mailed (see Deutsche Bank Natl. Trust Co. v Ezeji, 194 AD3d at 912).
The plaintiff's contention that RPAPL 1304 did not apply to the subject loan, raised for the first time on appeal, is not properly before this Court (see Deutsche Bank Natl. Trust Co. v Pezzola, 199 AD3d 877, 878-879).
Accordingly, the Supreme Court should have denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants, to strike their answer, and for an order of reference.
DUFFY, J.P., CHRISTOPHER, DOWLING and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court