Bank of N.Y. Mellon v Giammona (2023 NY Slip Op 04099)

Bank of N.Y. Mellon v Giammona

2023 NY Slip Op 04099

Decided on August 2, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 2, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
ROBERT J. MILLER
LARA J. GENOVESI
JANICE A. TAYLOR, JJ.

2020-07372
 (Index No. 1716/12)

[*1]Bank of New York Mellon, etc., respondent,
v
John Giammona, appellant, et al., defendants.

Stephen C. Silverberg, PLLC, Uniondale, NY, for appellant.
Stim & Warmuth, P.C., Farmingville, NY (Glenn P. Warmuth of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant John Giammona appeals from an order and judgment of foreclosure and sale (one paper) of the Supreme Court, Kings County (Ingrid Joseph J.), dated February 20, 2020. The order and judgment of foreclosure and sale, upon an order of the same court (Peter P. Sweeney, J.) dated April 17, 2019, after a hearing, granting those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant John Giammona, to strike that defendant's answer, and to appoint a referee to compute the amount due on the note, granted the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale, confirmed the referee's report, and directed the sale of the subject premises.
ORDERED that the order and judgment of foreclosure and sale is reversed, on the law, with costs, the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale is denied, those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant John Giammona, to strike that defendant's answer, and to appoint a referee to compute the amount due on the note are denied, and the order dated April 17, 2019, is modified accordingly.
On February 28, 2007, the defendant John Giammona (hereinafter the defendant) executed a consolidated note (hereinafter the note) in the amount of $1,755,000 in favor of nonparty Countrywide Home Loans, Inc. (hereinafter Countrywide). The note was secured by a consolidated mortgage on certain real property located in Brooklyn, as reflected in a consolidation, extension, and modification agreement dated February 28, 2007.
In January 2012, the plaintiff, Countrywide's purported successor-in-interest, commenced the instant action to foreclose the mortgage against the defendant, among others. In his answer, the defendant alleged, inter alia, that the plaintiff lacked standing.
In May 2017, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant, to strike the defendant's answer, and to appoint a referee to compute the amount due on the note. In support, the plaintiff submitted the affidavit of Keli Smith, a document coordinator for Bayview Loan Servicing, LLC (hereinafter Bayview), attorney-in-[*2]fact for the plaintiff. Smith attached a limited power of attorney, dated March 31, 2014, allowing Bayview to act on behalf of the plaintiff. Smith averred that she was familiar with Bayview's records and record-keeping practices regarding the subject loan. She also averred that the records of prior servicers regarding the loan had been incorporated into Bayview's records, and that it was Bayview's practice to regularly rely upon those records.
Smith stated that the "[p]laintiff, directly or through an agent, has possession of the promissory note and came into possession on 5-18-07. The Note has been properly endorsed. The Note is endorsed in blank." Smith attached a printout of an email from a bankofamerica.com email address, which stated that a routing history was attached. The routing history states that it is for the "CollFile" for John Giammona, and contains an entry, dated May 18, 2007, stating "XRCV" and "BONY MELLON TRUST COMPA." Smith also stated that "the Mortgagor defaulted on the loan by failing to make the payment due on April 1, 2011 and by failing to pay the monthly payments which became due each month thereafter."
The plaintiff further submitted a copy of the note. The note is endorsed in blank by Countrywide on the last page, beneath the defendant's signature.
In opposition, the defendant argued that the plaintiff failed to prove that it was the holder of the note, and failed to prove that he defaulted on the note.
In an order dated August 30, 2017, the Supreme Court held the plaintiff's motion in abeyance, and ordered the plaintiff to produce the original "wet ink" note at a hearing.
In an order dated April 17, 2019, the Supreme Court, inter alia, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant, to strike the defendant's answer, and to appoint a referee to compute the amount due on the note. The court found that, at the hearing, the plaintiff had established that it had possession of the original "wet ink" note.
On August 8, 2019, the plaintiff moved to confirm the referee's report and for a judgment of foreclosure and sale. In support, Smith submitted a second affidavit, to which she attached business records regarding the defendant's payment history.
In an order and judgment of foreclosure and sale dated February 20, 2020, the Supreme Court granted the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale, confirmed the referee's report, and directed the sale of the subject premises. The defendant appeals.
The Supreme Court erred in finding that the plaintiff established its standing to foreclose. "[I]n order to establish prima facie entitlement to judgment as a matter of law in a foreclosure action, a plaintiff must submit the mortgage and unpaid note, along with evidence of the default" (Zarabi v Movahedian, 136 AD3d 895, 895-896). Where the plaintiff's standing to commence the action is placed in issue by a defendant, the plaintiff must establish its standing to be entitled to relief (see U.S. Bank, N.A. v Godwin, 137 AD3d 1260, 1261). A plaintiff has standing to maintain a mortgage foreclosure action where it is the holder or assignee of the underlying note at the time the action is commenced (see Aurora Loan Services, LLC v Taylor, 25 NY3d 355, 361-362).
Here, the plaintiff established that it had possession of the original "wet ink" note, but it failed to establish, prima facie, that it had possession of the note at the time this action was commenced. Although Smith stated that she was familiar with the records and record-keeping practices of Bayview, the plaintiff's attorney-in-fact, and that Bayview had incorporated the records of prior loan servicers into its own records, she failed to state that she was familiar with the records and record-keeping practices of the plaintiff itself. Thus, she failed to lay a proper foundation for the business records purportedly showing that the plaintiff or its unidentified agent had physical possession of the note at the time this action was commenced (see HSBC Bank USA, N.A. v Gordon, [*3]210 AD3d 877, 880; Deutsche Bank National Trust Co. v Ezeji, 194 AD3d 909, 911; Arch Bay Holdings, LLC v Albanese, 146 AD3d 849, 852-853).
The Supreme Court further erred in finding that the plaintiff had established the defendant's default. "[I]t is the business record itself, not the foundational affidavit, that serves as proof of the matter asserted" (Bank of N.Y. Mellon v Gordon, 171 AD3d 197, 205; see U.S. Bank, N.A. v Kahn Property Owner, LLC, 206 AD3d 850, 851). An affiant's assertion regarding the defendant's default, without the business records upon which he or she relied in making such an assertion, constitutes inadmissible hearsay (see U.S. Bank, N.A. v Kahn Property Owner, LLC, 206 AD3d at 851). The plaintiff acknowledges that it did not produce the business records regarding the defendant's payment history until it moved for a judgment of foreclosure and sale. Thus, the plaintiff's motion for summary judgment was supported only by Smith's bare assertion that the defendant was in default. This was inadmissible hearsay.
Accordingly, the Supreme Court should have denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant, to strike the defendant's answer, and to appoint a referee to compute the amount due on the note.
The parties' remaining contentions need not be reached in light of our determination. We note that the contentions raised at Points I, VIII, and X of the defendant's reply brief are improperly raised for the first time in the reply brief, to which the plaintiff did not have an opportunity to respond. Thus, those contentions are not properly before this Court (see Panzo v Keyspan Corp., 176 AD3d 961, 963).
BARROS, J.P., MILLER, GENOVESI and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court