2078 Mgt., LLC v US Bank Trust, N.A. (2024 NY Slip Op 03870)

2078 Mgt., LLC v US Bank Trust, N.A.

2024 NY Slip Op 03870

Decided on July 24, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 24, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
JOSEPH J. MALTESE
LILLIAN WAN
CARL J. LANDICINO, JJ.

2022-04948
 (Index No. 502945/18)

[*1]2078 Management, LLC, appellant, 
v
US Bank Trust, N.A., etc., respondent, et al., defendants.

Petroff Amshen LLP, Brooklyn, NY (Steven Amshen and James Tierney of counsel), for appellant.
Locke Lord LLP, New York, NY (Shawn A. Brenhouse and William D. Foley, Jr., of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, pursuant to RPAPL 1501(4) to cancel and discharge of record a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Cenceria P. Edwards, J.), dated May 18, 2022. The order denied the plaintiff's motion, inter alia, for summary judgment on the complaint and granted the cross-motion of the defendant US Bank Trust, N.A., for summary judgment dismissing the complaint insofar as asserted against it.
ORDERED that the order is reversed, on the law, without costs or disbursements, and the matter is remitted to the Supreme Court, Kings County, for further proceedings in accordance herewith.
In 2008, Ralph Mancuso executed a note in the sum of $345,000 in favor of CitiMortgage, Inc. (hereinafter CitiMortgage). The note was secured by a mortgage on certain real property located in Brooklyn (hereinafter the premises). In October 2009, CitiMortgage commenced an action against Mancuso, among others, to foreclose the mortgage (hereinafter the 2009 foreclosure action). In 2015, CitiMortgage moved for a judgment of foreclosure and sale. In 2016, while the 2009 foreclosure action was pending, the mortgage was assigned to the defendant US Bank Trust, N.A. (hereinafter the defendant). By order and judgment of foreclosure and sale dated June 29, 2016, the Supreme Court, inter alia, granted CitiMortgage's motion for a judgment of foreclosure and sale and directed the sale of the premises. In 2017, Mancuso moved, among other things, to vacate the order and judgment of foreclosure and sale. In an order dated September 15, 2017, the court granted Mancuso's motion and directed dismissal of the complaint in the 2009 foreclosure action pursuant to CPLR 3215(c).
By deed dated December 19, 2017, the plaintiff became the owner of the premises. In February 2018, the plaintiff commenced this action against, among others, the defendant, inter alia, pursuant to RPAPL 1501(4) to cancel and discharge of record the mortgage on the ground that the statute of limitations within which to commence a foreclosure action had expired. Shortly thereafter, also in February 2018, the defendant commenced an action against, among others, Mancuso and the plaintiff's predecessor in interest to foreclose the mortgage (hereinafter the 2018 foreclosure action). Subsequently, in this action, the plaintiff moved, among other things, for [*2]summary judgment on the complaint and the defendant cross-moved for summary judgment dismissing the complaint insofar as asserted against it. In an order dated May 18, 2022, the Supreme Court denied the plaintiff's motion and granted the defendant's cross-motion. The plaintiff appeals.
Pursuant to RPAPL 1501(4) a "person having an estate or an interest in real property subject to a mortgage can seek to cancel and discharge of record that encumbrance where the period allowed by the applicable statute of limitations for the commencement of an action to foreclose the mortgage has expired, provided that the mortgagee or its successor was not in possession of the subject real property at the time the action to cancel and discharge of record the mortgage was commenced" (Bank of Am., N.A. v Scher, 205 AD3d 985, 987 [internal quotation marks omitted]).
"An action to foreclose a mortgage is governed by a six-year statute of limitations" (U.S. Bank N.A. v Santos, 218 AD3d 827, 828; see CPLR 213[4]). However "even if a mortgage is payable in installments, once a mortgage debt is accelerated, the entire amount is due and the statute of limitations begins to run on the entire debt" (Bank of N.Y. Mellon v Mor, 201 AD3d 691, 694). "The entire mortgage debt will be deemed to have been accelerated by, as relevant here, the commencement of a mortgage foreclosure action in which the complaint seeks payment of the full outstanding loan balance" (U.S. Bank N.A. v Connor, 204 AD3d 861, 863).
Here, the plaintiff demonstrated, prima facie, that the mortgage debt was accelerated and that the six-year statute of limitations began to run in October 2009 when CitiMortgage commenced the 2009 foreclosure action and elected to call due the entire amount secured by the mortgage (see Deutsche Bank Natl. Trust Co. v Wong, 218 AD3d 742, 743-744). Since the 2018 foreclosure action was commenced more than six years later, the plaintiff established, prima facie, that an action to foreclose the mortgage was time-barred (see CPLR 213[4]). If we were to apply the Foreclosure Abuse Prevention Act (L 2022, ch 821, § 8 [eff Dec. 30, 2022]; hereinafter FAPA), the defendant failed to raise a triable issue of fact in opposition (see U.S. Bank N.A. v Outlaw, 217 AD3d 721, 723).
However, on this appeal, the defendant challenges the constitutionality of the retroactive application of FAPA. Inasmuch as the Supreme Court did not consider issues relating to the constitutionality of FAPA in determining the plaintiff's motion, inter alia, for summary judgment on the complaint and the defendant's cross-motion for summary judgment dismissing the complaint insofar as asserted against it, we remit the matter to the Supreme Court, Kings County, for consideration thereof, after any further briefing, argument, and hearing that the court deems appropriate, and for a new determination thereafter of the motion and cross-motion (see Ronen, LLC v Bais Hamedrash Ateres Chaim Hanipoly, 221 AD3d 741, 745).
The plaintiff's remaining contentions either need not be reached in light of our determination or are improperly raised for the first time in the plaintiff's reply brief (see Bank of N.Y. Mellon v Giammona, 219 AD3d 436, 439).
BRATHWAITE NELSON, J.P., MALTESE, WAN and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court